[No. 2271-3. Division Three. March 29, 1978.]

MARGARET COLEMAN, *Respondent,* v. PROSSER PACKERS, INC., *Appellant.*

*William A. McCormick* and *Sensney, Davis & McCormick,* for appellant.

*Edward H. McKinlay* and *Sullivan & McKinlay,* for respondent.

ROE, J.—In this workmen's compensation case, it is not disputed that the claimant was injured August 17, 1973, when she slipped and fell while at work at defendant's place of business. Plaintiff received her first treatment from Dr. Axford of Prosser, Washington, who diagnosed her condition as a lumbar disc syndrome. He treated her in the hospital with bed rest, traction and pain medication. After her release from the hospital, he treated her with physical therapy, pain medication, and low voltage muscle stimulation. When the pain continued, the plaintiff was referred to Dr. Romano in Seattle for tests which no hospital in Prosser was equipped to perform. Dr. Romano gave the plaintiff a myelogram, and noted certain other objective symptoms, on the basis of which he diagnosed a herniated disc between the fourth and fifth lumbar vertebrae. In November 1973, he performed a chemonuclealysis to dissolve the herniated disc. He saw her again in July 1974, and felt that she had improved, but noted that she still had residual symptoms. When Dr. Romano testified, he did not express an opinion as to the percentage rating of the plaintiff's disability. Dr. Axford continued to treat the plaintiff for continuing back pain. In his testimony, he expressed an opinion that she was about 75 percent permanently, partially disabled:

Q Yes. Would she be permanently and partially disabled and if so, to what percentage?
A I think based on the way the thing would be going, yes, I would think about 75% . . .

. . .

Q (BY MR. McCORMICK): What I'm getting at then, when you made your opinion as to the 75% disability, at what date are you making that opinion?
A That kind of an inretrospective opinion. I was asked about how I felt about the situation in November of '74 and I don't think I was asked at that time to make an opinion. In retrospect I was—say it was about 75%.

Dr. Gottlieb and Dr. Pettee both examined the plaintiff at the request of Prosser Packers. Both of them opined that she was not disabled. Dr. Gottlieb testified that he felt she was falsifying her symptoms.

The Department of Labor and Industries closed her claim without any compensation for time loss or permanent disability award; the Board of Industrial Insurance Appeals affirmed. Plaintiff appealed to the Superior Court, where the jury awarded her 70 percent of the maximum allowable for unspecified permanent, partial disability. The defendant appeals from this judgment.

The sole issue in this case on appeal is whether or not the medical evidence was sufficient to support the verdict.

The defendant Prosser Packers contends that expert medical testimony is required to support a finding of unspecified permanent, partial disability, and that there must be medical testimony by experts based at least partly on objective symptoms. The defendant's claim is that the percentage disability rating is unsupported by the evidence because Dr. Axford, who made a percentage rating at the trial, did not testify as to objective medical symptoms.

 Medical testimony is necessary to establish permanent, partial disability. *Page v. Department of Labor & Indus.*, 52 Wn.2d 706, 710, 328 P.2d 663 (1958):

> An expert witness, in fixing the extent of the unspecified permanent partial disability, should testify to the comparison of the unspecified disability with the schedule of disability it most closely resembles.

However, this court has stated:

> The failure of an expert witness to testify in the language of the statute is not fatal.

*Anthis v. Department of Labor & Indus.*, 16 Wn. App. 335, 339, 555 P.2d 1009 (1976). Nor is it the rule

> that a medical witness *must* express his opinion on disability in terms of percentage.

*Dowell v. Department of Labor & Indus.*, 51 Wn.2d 428, 433, 319 P.2d 843 (1957). It has long been the rule that:

The question of the extent of partial disability is ultimately for the jury as the trier of fact. Expert testimony on the extent of an unspecified disability need not be in the language of the statute; it may be probative even though it is not couched in terms of comparison to a scheduled injury. *Ziniewicz v. Department of Labor & Industries,* 23 Wn. (2d) 436, 161 P. (2d) 315 (1945).

*Dowell v. Department of Labor & Indus., supra* at 434.

*Dowell* involved a jury verdict for an 80 percent unspecified permanent, partial disability, which raised the Board's determination of 20 percent. This was upheld on appeal. One doctor had described objective symptoms and also opined that the plaintiff was "totally disabled." The jury's verdict was sustained "not because of the testimony that the claimant was 'totally disabled' but because of the objective physical symptoms described by the doctor." *Ellis v. Department of Labor & Indus.,* 88 Wn.2d 844, 852, 567 P.2d 224 (1977).

The defendant cites no case which requires that the same doctor who testified as to objective symptoms must be the one who testifies as to a percentage disability rating. Since neither comparisons to scheduled disabilities nor testimony in percentage terms are required for the plaintiff's recovery, the question of which doctor made objective findings and which testified as to percentage disability, is irrelevant. It is enough that, in this case, there was testimony as to the plaintiff's objective physical symptoms. This evidence was sufficient to support the jury's verdict. *Cf. Dowell v. Department of Labor & Indus., supra.*

The judgment of the trial court is affirmed.

MUNSON, C.J., and GREEN, J., concur.